UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| GRAINGER FARMS, INC., | Case No. 8:15-bk-4671-MGW |
| JRG VENTURES, LLC, | Case No. 8:15-bk-4672-MGW |
| GRAINGER LAND, LLC, | Case No. 8:15-bk-4673-MGW |
| SAMANN FARMS, LLC, | Case No. 8:15-bk-4674-MGW |
| SAMWES, LLC, | Case No. 8:15-bk-4675-MGW |
| | |
| Debtors. | *Jointly Administered under* |
| | *Case No. 8:15-bk 4671-MGW* |
| | |
| _____ / | ***Emergency Hearing Requested*** |
| | |
| GRAINGER FARMS, INC., | Case No. 8:15-bk-4671-MGW |
| GRAINGER LAND, LLC, | Case No. 8:15-bk-4673-MGW |
| SAMANN FARMS, LLC, | Case No. 8:15-bk-4674-MGW |
| SAMWES, LLC, | Case No. 8:15-bk-4675-MGW |
| | |
| Applicable Debtors. | |
| _____ / | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY
OF INTERIM AND FINAL ORDERS AUTHORIZING
USE OF CASH COLLATERAL AND GRANTING
REPLACEMENT LIENS PURSUANT TO SECTIONS 105(a),
361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND RULE
4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

---

**STATEMENT OF RELIEF REQUESTED**

The Debtors seek authority to use cash collateral to fund operating expenses and costs of administration in these Chapter 11 cases and to provide replacement liens as described below as adequate protection for the interests in any cash collateral. The Debtors believe that Metropolitan Life Insurance Company and Rabo Agrifinance, Inc., as Collateral Agent, may assert valid and perfected security interests in certain items of cash collateral held by some or all of the Debtors. The Debtors propose to grant as adequate protection replacement liens on all cash collateral acquired by the Debtors or the estates on or after the Petition Date to the same extent, validity, and priority held as of the Petition Date.

---

GRAINGER FARMS, INC. ("**Grainger Farms**"), GRAINGER LAND, LLC ("**Grainger Land**"), SAMANN FARMS, LLC ("**SamAnn**"), and SAMWES, LLC ("**SamWes**") (collectively, the "**Debtors**") respectfully request the entry of interim and final orders approving the Debtors' use of cash collateral.  In support of this motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.  The subject matter of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Sections 105(a), 361, 363, 541, and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

## Background

3.      On May 4, 2015 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4.      Pursuant to an order of this court dated May 5, 2015, the Debtors' Chapter 11 cases are being jointly administered for procedural purposes only under *In re: Grainger Farms. Inc.*, Case No. 8:15-bk-4671-MGW.

5.      Grainger Farms is a Florida corporation and was originally incorporated in the mid-1980s as J&R Farms, Inc.  Since its incorporation, Grainger Farms has been engaged in agricultural activities—primarily tomatoes, citrus, and cattle ranching.  Grainger Land, SamAnn, and SamWes collectively own approximately five thousand (5,000) acres of farm land in Collier, Hendry, and Manatee counties, which is leased to Grainger Farms for agricultural production.

2

JRG owns fifty percent (50%) of the membership interests in Taylor & Fulton Packing, LLC ("**Taylor & Fulton**"), a non-debtor, engaged in the brokerage and sale of agricultural products. The Debtors also own and/or lease property capable of housing approximately two hundred (200) employees.

### Description of Indebtedness

6.      Prior to the Petition Date, Metropolitan Life Insurance Company ("**MetLife**") loaned approximately $16,500,000.00 to Mr. Grainger, Debra Grainger, Grainger Farms, Grainger Land, and Sam Ann. The approximate current principal balance owed on the MetLife loan is $14,045,569 and the quarter-annual principal and interest payment became due on April 15, 2015 and is unpaid.  The obligations to MetLife are secured by mortgages on and security interests in real and personal property owned by Grainger Farms, Grainger Land, and SamAnn.

7.      In addition, Rabo loaned approximately $8,100,000.00 prior to the Petition Date to Mr. Grainger, Debra A Grainger, Grainger Farms, Grainger Land, SamWes, LLC, and SamAnn.  The current amount owing under the Rabo loan is approximately $1,892,501.95.  The obligations to Rabo were secured by mortgages on and security interests in real and personal property owned by Grainger Farms, SamAnn, and SamWes (all mortgage security was released prior to the Petition Date).

### Relief Requested and Grounds for Relief

8.      The Debtors seek the entry of an order, the proposed form of which is attached hereto as **Exhibit A**, authorizing the use of cash collateral substantially in accordance a budget (the "**Budget**") to be filed prior to the hearing on interim use of cash collateral generally and for purposes which include the following:

(a)      care, maintenance, and preservation of the Debtors' assets;

(b)    payment of necessary payroll, rent, suppliers, utilities, and other business expenses;

(c)    other payments necessary to sustain continued business operations; and

(d)    costs of administration in these Chapter 11 cases.

9.    The Debtors request authority to use cash collateral immediately to pay operating expenses necessary to continue the operation of the Debtors' businesses, to maximize the return on their assets, and to otherwise avoid irreparable harm and injury to their businesses and their estates.

10.    There is insufficient time for a final evidentiary hearing, as required by Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, to be held before the Debtors must use cash collateral.  If this Motion is not considered on an expedited basis and if the Debtors are denied the ability to immediately use cash collateral, there will be direct and immediate harm to the continuing operation of the Debtors' businesses as the Debtors' farming and harvesting activities will be interrupted.  In order to continue their business activities in an effort to achieve successful reorganization, the Debtors need to use cash collateral in their ordinary business operations.  The inability of the Debtors to meet their ordinary business expenses will require the Debtors to discontinue normal operations which will result in irreparable injury to the Debtors and their chances for reorganization.  Any such discontinuation would also adversely impact upon the value of any secured party's collateral.  Indeed, it is in the best interests of all creditors and the Debtors that the Debtors use their cash collateral since such usage will preserve the value of any secured party's collateral.  Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure authorizes this Court to hold an immediate preliminary hearing on this Motion.

11.    In the event that a creditor asserts a lien on cash collateral, in exchange for the Debtors' ability to use cash collateral in the operation of its businesses, the Debtors propose to

4

grant, as adequate protection, to the creditor a replacement lien equal in extent, validity, and priority to the lien held by the creditor as of the Petition Date. The Debtors assert that any interests of creditors will be adequately protected by replacement lien.

12.     If allowed to use cash collateral, the Debtors believe that they can stabilize their business operations and maintain going concern value. Otherwise, the Debtors' business operations will cease, their harvestable crops will spoil and have no value, and their non-crop assets will have only liquidation value.

**Notice**

13.     No trustee or examiner has been appointed in these cases and no official committees have yet been appointed pursuant to Section 1102 of the Bankruptcy Code. Notice of this Motion has been given: (i) by the Court's CM/ECF system to the Office of the United States Trustee, and (ii) by United States first class mail to all known secured creditors of the Debtor, the twenty (20) largest unsecured creditors of the Debtors, and certain other parties listed on the attached Certificate of Service. The Debtors submit that, given the emergency nature of the relief requested herein, no other or further notice need be given.

**Basis for Emergency Relief**

14.     The facts previously set out herein clearly justify an immediate hearing on this motion. If the Debtors cannot utilize cash collateral, the Debtors will be unable to pay operating expenses necessary to continue the operation of the Debtors' businesses and will be irreparably harmed. The Debtors have narrowly tailored the relief requested on an emergency basis in order to allow them to survive pending a final cash collateral hearing, as required by Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Debtors respectfully request that this Court enter an order: (a) granting this motion; (b) authorizing the interim use of cash collateral; (c) scheduling a final cash collateral hearing in accordance with Bankruptcy Rule 4001(b)(2); and (d) providing such other and further relief as may be just and proper.

Dated this 6th day of May, 2015.

*/s/ Amy Denton Harris*
Scott A. Stichter (FBN 0710679)
Amy Denton Harris (FBN 634506)
Stichter Riedel Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
Telephone:  (813) 229-0144
Fax:  (813) 229-1811
Emails: sstichter@srbp.com; aharris@srbp.com
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct of the foregoing *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure* has been furnished on this 6th day of May, 2015, by either the Court's CM/ECF system, U.S. Mail, or by Email to:

Office of the United States Trustee
20 Largest Unsecured Creditors

Andrew Brumby, Esquire
abrumby@shutts-law.com

Metropolitan Life Insurance Co.
2203 E. Empire St., Suite A
Bloomington, IL 61704

Rabo AgriFinance, Inc.
as Collateral Agent
41850 Park Rd.
Myakka City, FL 34251

Rabo AgriFinance, Inc.
as Collateral Agent
P.O. Box 411995
St. Louis, MO  63141

/s/ Amy Denton Harris
Amy Denton Harris

Barron Collier Partnership, LLLP
5072 Annunciation Circle #314
Ave Maria, FL 34142

Bell Irrigation, Inc
1920 Meadowbrook Dr
Cairo, GA 31728

BHN Seed
P.O. Box 3267
Immokalee, FL 34142

C&C Properties of Immokalee
P.O. Box 970
Immokalee, FL 34143

Coastal Fertilizer and Supply
209 Adams Ave East
Immokalee, FL 34142

Council-Oxford, Inc.
P.O. Box 475
Ruskin, FL 33570

Crop Production Services
P.O. Box 467
Mulberry, FL 33860-0467

D&K Harvesting
P.O. Box 1347
Labelle, FL 33975

Davis Oil Co., Inc.
540 East New Market Rd
Immokalee, FL 33934

Everglades Farm Equipment
P.O. Box 910
Belle Glade, FL 33430-0910

Florida Citrus Management, Inc
P.O. Box 1347
Labelle, FL 33975

Hertz Equipment Rental Corp.
P.O. Box 905475
Charlotte, NC 28290-5475

Howard Fertilizer & Chemical Co.
Myakka Chemicals
PO Box 905475
Charlotte, NC 28290-5475

Howard Fertilizer & Chemical Co.
PO Box 628202
Orlando, FL 32862-8202

Old Florida Investments, Inc
P.O. Box 1087
Palmetto, FL 34220

Plants of Ruskin Inc
901 4th Street NW
Ruskin, FL 33570

Seedway LLC
P.O. Box 250
Hall, NY 14463-0250

Seminis
P.O. Box 935619
Atlanta, GA 31193-5619

Sun Country Citrus Hauling Inc
P.O. Box 1347
Labelle, FL 33975

Triest AG Group Inc
P.O. Box 448
Greenville, NC 27835-0448

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11

GRAINGER FARMS, INC.,                           Case No. 8:15-bk-4671-MGW
JRG VENTURES, LLC,                              Case No. 8:15-bk-4672-MGW
GRAINGER LAND, LLC,                             Case No. 8:15-bk-4673-MGW
SAMANN FARMS, LLC,                              Case No. 8:15-bk-4674-MGW
SAMWES, LLC,                                     Case No. 8:15-bk-4675-MGW

      Debtors.                              *Jointly Administered under*
                                                *Case No. 8:15-bk 4671-MGW*

_____/

GRAINGER FARMS, INC.,                           Case No. 8:15-bk-4671-MGW
GRAINGER LAND, LLC,                             Case No. 8:15-bk-4673-MGW
SAMANN FARMS, LLC,                              Case No. 8:15-bk-4674-MGW
SAMWES, LLC,                                     Case No. 8:15-bk-4675-MGW

      Applicable Debtors.

_____/

**INTERIM ORDER ON DEBTORS' EMERGENCY MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING
USE OF CASH COLLATERAL AND GRANTING
REPLACEMENT LIENS PURSUANT TO SECTIONS 105(a),
361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND RULE
4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

THIS CASE came before the Court for hearing on May _____, 2015 for consideration of

the *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash*

*Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 55*

*of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure* (Doc. No. _____) (the "**Motion**").  The Motion seeks the entry of interim and final orders authorizing the Debtors to use "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code.

The Court finds that due and sufficient notice of the Motion and the Hearing was provided to: (i) the Office of the United States Trustee for the Middle District of Florida, (ii) Metropolitan Life Insurance Company ("**MetLife**"), (iii) Rabo Agrifinance, Inc., as Collateral Agent ("**Rabo**" and together with MetLife, collectively, the "**Lenders**"), (iv) all other known secured creditors of the Debtors, and (v) the twenty (20) largest unsecured creditors of each of the Debtors and that no other or further notice is necessary.  The Court considered the Motion, together with the record and the arguments of counsel at the Hearing, and it appearing that the use of Cash Collateral to the extent provided herein is necessary on an interim basis in order to avoid irreparable harm to the Debtors, and for the reasons announced on the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED** that:

1.      Notice of the Motion and the Hearing on the Motion was adequate and appropriate in the current circumstances of these jointly administered Chapter 11 cases as contemplated by 11 U.S.C. §102(a) and Fed. R. Bankr. P. 4001(b)(2).

2.      The Motion is granted on an interim basis pending a further hearing to be conducted by the Court on _____.

3.      All persons and entities owing monies to the Debtor are authorized and directed to pay the monies to the Debtor, without setoff, which sums shall upon collection by the Debtor constitute Cash Collateral (as that term is defined in Section 363(a) of the Bankruptcy Code).

4.      The Debtor is authorized to use Cash Collateral including, without limitation, cash, deposit accounts, accounts receivable, proceeds from the lease of real property, and proceeds from farming operations including the sale of produce in accordance with the budget (the "**Budget**"), a copy of which is attached hereto as <u>**Exhibit A**</u>, so long as the aggregate of all expenses for each week do not exceed the amount in the Budget by more than ten percent (10%) for any such week on a cumulative basis (the "**Variance**").  Notwithstanding the foregoing, subject to the provisions of paragraph ten of this Order, expenditures in excess of the Variance or not on the Budget will not be deemed to be unauthorized use of Cash Collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure.

5.      The Debtors are authorized to provide adequate protection, pursuant to sections 363(c)(2)(A) and 363(e) of the Bankruptcy Code, to the Lenders pursuant to the terms and conditions of this Interim Order.  As adequate protection with respect to the Lenders' interests in the Cash Collateral, the Lenders are granted replacement liens (the "**Replacement Liens**") in and upon all of the categories and types of collateral in which they held a security interest and lien as of the Petition Date to the same extent, validity and priority that the Lenders held as of the Petition Date.

6.      The Debtors shall maintain insurance coverage for the Collateral in accordance with the obligations under the loan and security documents.

7.      This Order is not and shall not be construed as determinative as to whether or not any creditor has a valid lien on any property of the Debtors or their estates.  This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

8.     This Order is without prejudice to the Debtors' right to challenge the extent, validity, or priority of any lien or claim of any creditor, and is likewise without prejudice to the right of any creditor to seek additional relief concerning Cash Collateral by subsequent motion and nothing contained in this Order shall be deemed to constitute a waiver of any party's rights.

9.     This Order is without prejudice to the Debtors' rights to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget.

10.    It shall be an event of default if the Debtors exceed the Variance without the prior written consent of the Lenders, which consent shall not be unreasonably withheld; provided, however, in the event of a default, the Debtors' authority to use Cash Collateral shall continue until the Lender(s) obtains an order by appropriate motion after notice and hearing requiring the Debtors to cease using Cash Collateral.

11.    In accordance with Rule 4001 of the Bankruptcy Rules, the Court finds the Debtors' authorization to use Cash Collateral pursuant to this Order is necessary to avoid immediate and irreparable harm to the Debtor's estate.

12.    The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

Attorney Scott A. Stichter is directed to serve a copy of this order on interested parties who are non-ECF users and file a proof of service within 3 days of entry of the order.

# **EXHIBIT A**